UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RIZWAN CHAUDHRY, | : |
| Petitioner, | : Civ. No. 16-0414 (KM) |
| v. | : |
| JOHN TSOUKARIS, et al., | : **MEMORANDUM AND ORDER** |
| Respondents. | : |

The petitioner, Rizwan Chaudhry, is an immigration detainee currently lodged at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to § 2241. Previously, this matter was administratively terminated because petitioner had not paid the $5.00 filing fee or submitted a complete application to proceed *in forma pauperis*. Petitioner has now submitted an application to proceed *in forma pauperis*. The Clerk will be ordered to reopen this case, and Petitioner's application to proceed *in forma pauperis* will be granted based on the information provided therein.

The sole proper respondent in this case is Charles Green, who is the warden of the Essex County Correctional Facility. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Therefore, petition will be dismissed with prejudice as to respondents John Tsoukaris, Loretta E. Lynch, Robert Margist and the U.S. Department of Homeland Security.

Petitioner challenges his current immigration detention in this federal habeas petition. "Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal." *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (citing *Demore v. Kim*, 538 U.S. 510, 517-18 (2003)); *see also Diop v.*

*ICE/Homeland Sec.*, 656 F.3d 221, 226 (3d Cir. 2011). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the habeas petition for dismissal and determined that dismissal without an answer and the record on this issue is not warranted. In addition to any arguments that respondent may make in the answer, respondent shall specifically address what impact, if any, *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015), has on the habeas petition.

Accordingly, IT IS this 23d day of February, 2016,

ORDERED that the Clerk shall reopen this case; and it is further

ORDERED that petitioner's application to proceed *in forma pauperis* is granted; and it is further

ORDERED that the habeas petition is dismissed with prejudice as to respondents John Tsoukaris, Loretta E. Lynch, Robert Margist and the U.S. Department of Homeland Security; and it is further

ORDERED that the Clerk shall serve a copy of the petition (Dkt. No. 1) and this Order upon respondent Charles Green by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that the Clerk shall forward a copy of the petition (Dkt. No. 1) and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

ORDERED that within thirty (30) days of the date of the entry of this Order, respondent shall file and serve an answer which responds to the allegations and grounds in the petition and which includes all affirmative defenses respondent seeks to invoke, in addition to any other

arguments respondent may make, the answer shall specifically address what impact, if any, *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015) has on the petition; and it is further

ORDERED that respondent shall file and serve with the answer certified copies of all documents necessary to resolve petitioner's claim(s) and affirmative defenses; and it is further

ORDERED that within thirty (30) days of receipt of the answer, petitioner may file a reply to the answer; and it is further

ORDERED that within seven (7) days of petitioner's release, by parole or otherwise, respondent shall electronically file a written notice of the same with the Clerk.

_____
KEVIN MCNULTY
United States District Judge