UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RIZWAN CHAUDHRY, | : |
| Petitioner, | : Civ. No. 16-0414 (KM) |
| v. | : |
| CHARLES GREEN, | : **OPINION** |
| Respondent. | : |

### KEVIN MCNULTY, U.S.D.J.

The petitioner, Rizwan Chaudhry, is an immigration detainee currently lodged at the Essex County Correctional Facility in Newark, New Jersey. He is a citizen of Pakistan who has been in immigration detention pursuant to 8 U.S.C. § 1226(c) since August 31, 2014.

In January, 2016, Mr. Chaudhry filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. Mr. Chaudhry makes two claims. First, he argues that his continued detention without a bond hearing pending the conclusion of his removal proceedings has exceeded a reasonable period of time under 8 U.S.C. § 1226(c). Second, he argues that his continued detention is unlawful because he was not detained by immigration officials following his release from incarceration. Mr. Chaudhry requests that he should be ordered to be released from immigration detention custody or that this Court immediately order a bond hearing take place.

On March 3, 2016, the government filed its response to the habeas petition. (*See* Dkt. No. 5) In its response, the government states that it does not object to an order directing an Immigration Judge to conduct a bond hearing. In light of that concession, there is no need for extended discussion.

Mr. Chaudhry's habeas petition is silent as to his underlying criminal conviction or when he was released from incarceration on that conviction. However, the habeas petition makes clear that Mr. Chaudhry is in immigration detention pursuant to 8 U.S.C. § 1226(c). His pre-removal detention is governed by 8 U.S.C. § 1226(a) and (c).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir.2011), the United States Court of Appeals for the Third Circuit adopted a "reasonableness" framework for analyzing the permissibility of pre-removal detention. "Reasonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case." *Diop*, 656 F.3d at 234. However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'" *Chavez–Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015) (quoting *Diop*, 656 F.3d at 232, 234). Indeed, in *Chavez–Alvarez*, the Third Circuit noted with respect to the circumstances of that particular case that sometime after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. *See id.* at 478.

Mr. Chaudhry has been detained pursuant to § 1226(c) for approximately eighteen months. The government concedes at this point that it would be appropriate for this Court to grant the petition and order that a bond hearing be held by an Immigration Judge in accord with *Chavez-Alvarez*. I agree, and will grant the habeas petition in part and direct that an Immigration Judge conduct a bond hearing.

In addition to arguing that his detention without a bond hearing is no longer reasonable, Mr. Chaudhry also asserts that his "detention is unlawful since he was not detained following any release[ ] from custody." (Dkt. No. 1 at p. 8) This argument is foreclosed by binding Court

of Appeals authority. *Sylvain v. Attorney General*, 714 F.3d 150, 156-57 (3d Cir. 2013). Habeas relief is denied as to that claim.

In summary, the habeas petition is granted in part and denied in part. The Immigration Judge shall conduct a bond hearing.

DATED: March 4, 2016

KEVIN MCNULTY
United States District Judge